WILLIAM REMSHART, plaintiff in error, *vs.* THE SAVANNAH AND CHARLESTON RAILROAD COMPANY *et al.*, defendants in error.

1. Where a bill praying for injunction is clearly without equity, the chancellor may decline to order the defendant to show cause against the application for a temporary injunction, and may refuse, not only a restraining order but the injunction itself, upon mere inspection of the bill.

2. Whether a writ of error upon such refusal would be entertained over a a motion to dismiss. *Quære?*

3. A land owner, whose property was taken years ago for roadway, by a railroad company, and who has lately obtained judgment for damages according to the charter, has, so far as appears, an ample legal remedy either by levy and sale or by ejectment. And that another company, the successor by charter to the rights and privileges of the former, has interposed a claim to all the known property of the former, (which has been levied on by virtue of the judgment) is no ground for enjoining the latter company from using the roadway. If the complainant still has title, he can recover in ejectment with *mesne* profits, and if he has not title his judgment stands instead thereof, and his remedy to collect is not defeated by the mere interposition of a claim.

Injunction. Practice in the Superior Court. Land. Eminent domain. Before Judge TOMPKINS. Chatham county. At Chambers. July 31, 1875.

Remshart filed his bill for injunction against the Savannah and Charleston Railroad Company, and others, making precisely the case stated in the third head-note above. The chancellor, upon reading the bill, ordered as follows:

"It appearing to the court that no order for a hearing should be granted, it is considered and ordered that the same be refused."

To this decision complainant excepted.

J. R. SAUSSY, by brief, for plaintiff in error.

JACKSON, LAWTON & BASSINGER, for defendant.

BLECKLEY, Judge.

The case is ruled in the head-notes, and they need not be expanded.

Judgment affirmed.