JAMES L. BROWN, administrator, plaintiff in error, *vs.* MELVINA M. WILSON *et al.,* defendants in error.

1. Upon a bill without equity, the judge is not obliged to order that cause be shown against granting injunction. He may refuse the injunction at once, on inspection of the bill; first hearing argument and authority from complainant, if any be offered.
2. Matters disposed of on plea or answer at law, cannot be urged, after judgment, as cause for enjoining the judgment. They are *res adjudicata.* Other parties than those then before the court were not requisite to render available the particular matters in question.
3. A contingent liability to which the estate is exposed, known to the admintrator before a judgment was rendered against him at the instance of distributees, and not pleaded to the action, will not serve as the basis of an injunction to restrain the collection of the judgment, the liability being no less contingent now than it was then.
4. The time to file a bill of interpleader is before judgment for the fund has been rendered in favor of one of the claimants against the stake-holder.
5. Failure to enter a credit on the *fi. fa.* will not warrant injunction to arrest levy and sale.

Practice in the Superior Court. Equity. Judgment. *Res adjudicata.* Injunction. Interpleader. Executions. Before Judge BARTLETT. Greene County. At Chambers. April 13th, 1876.

Brown *vs.* Wilson *et al.*

Reported in the opinion.

LEWIS & SON; JAMES L. BROWN; E. C. KINNEBREW, for plaintiff in error.

COLUMBUS HEARD, by ORR & LEWIS, for defendants.

BLECKLEY, Judge.

1. The judge, on inspecting a bill which is clearly without equity, may decline to order the defendants to show cause, and may refuse the injunction at once: 54 *Georgia Reports,* 579. It does not follow from this that the complainant will be denied a hearing in support of his bill, if he asks for it when the bill is presented, or before the judge has returned it with his decision thereon. By brief, or otherwise, the complainant may argue his right, and the judge will hear him *ex parte.* If convinced that the defendant should be called upon to show cause, the judge will then order him up for that purpose, appointing a time and place, as the Code requires; but why should the defendant be troubled if there is obviously no merit in the bill? There seems to be no merit in this one, and we think it disposed of by the several propositions that follow.

2. If an administrator, on being cited by the distributees to appear before the ordinary to settle his accounts, in terms of the Code, files an answer, and, by way of showing cause why no absolute judgment should be rendered against him, alleges that he is under injunction from a court of equity which restrains him from paying out any money of the estate which he represents; also, that he is threatened with a suit to enforce against him, as administrator, an alleged liability which his intestate incurred as one of the securities upon a certain administration bond; and, also, that he has received notice from one of his intestate's co-securities on such administration bond, not to pay out the assets in his hands until the matter of the threatened suit shall be settled; and if, after his answer is overruled by the ordinary, the administrator ap-

peals to the superior court, and that court, on the verdict of a jury, renders absolute judgment against him for a sum certain, in favor of the distributees, that judgment, unreversed, is conclusive upon the administrator; and the question whether the distributees are entitled to be paid the amount of the judgment, notwithstanding anything in the answer contained, is *res adjudicata*.

3. The collection of the judgment will not be enjoined on a bill setting forth the same matters alleged in said answer, together with the further averment that co-securities of the intestate upon a certain guardian's bond, (which guardian has become insolvent) have notified the administrator that the ward's estate has been wasted, and that the administrator will be held liable for the intestate's proportion of any recovery that may be had upon the bond, it not appearing that any new danger has arisen in respect to this latter element of the bill since the judgment was rendered, or that the notice mentioned was not received before, or that the administrator has come to the knowledge of any material fact since.

4. When a bill of interpleader is the proper remedy it should be brought before one of the claimants of the fund has obtained judgment therefor. If the stakeholder knows of both claims, and does not call for interpleading till after an absolute judgment goes against him, he will be too late.

5. It is no cause for enjoining a judgment that the plaintiff's attorney has failed to enter a credit on the execution according to agreement.

Judgment affirmed.