SCOTT *vs*. McDANIEL.

1. Where the certificate of the judge of the county court is that " petitioner has paid the costs in the above case, as follows," naming items, the *certiorari* will not be dismissed because the certificate did not show that all costs had been paid.

2. When the error complained of turns upon a ruling based on the inspection by the court of a set of interrogatories used upon the trial, the *certiorari* will not be dismissed because the original interrogatories and answers were attached to the petition.

3. Commissioners are officers of court for the purpose of taking testimony, and the presumption is that they performed their duty by having the answers written by a competent person. Nor is this presumption rebutted, so as to require the rejection of the interrogatories, by a mere inspection of them, without more, although the handwriting in the body of the answers, the signatures of the commissioners and that of the witness, may each appear to be different. We know of no law to prevent the employment by commissioners of some disinterested person to do the clerical work of transcribing the answers.

*Certiorari.* Interrogatories. Evidence. Presumption. Practice in the Superior Court. Before Judge SPEER. Rockdale Superior Court. August Adjourned Term, 1879.

To the report contained in the decision it is only necessary to add that defendant in *certiorari* moved to dismiss

the case because the certificate of the county judge did not
show that all costs had been paid ; because the original in-
terrogatories and answers sued out in the county court for
Scott were attached to the petition for *certiorari*; and
because a new trial had been granted in said cause before.
The motion was overruled. The certificate of the county
judge is that petitioner " has paid the costs in the above
case, as follows :" (naming items for trial, issuing commis-
sions and *subpœnas*).

WARNER, Chief Justice.

This case comes before this court on a bill of exceptions
to the judgment of the court below in overruling the de-
fendant's motion to dismiss the plaintiff's *certiorari* on the
grounds therein stated, and in sustaining the same on the
ground set forth in the judgment of the court as contained
in the record.

1, 2. There was no error in overruling the defendant's
motion to dismiss the *certiorari*.

3. It appears from the record and bill of exceptions, that
on the trial of the case in the county court, a set of inter-
rogatories for a witness by the name of Scott was offered to
be read in evidence by the plaintiff (which interrogatories
had been taken out by the defendant) when the defendant
objected to the reading of the same on the ground that the
answers were not written by either of the commissioners
nor by the witness with their consent. The county court
overruled the objection, and the defendant sued out a *cer-
tiorari*, and on the hearing thereof in the superior court
the court sustained the *certiorari* upon that ground and
ordered a new trial, the court deciding the question as ap-
pears in its judgment " by inspection of the answers."
The answers of the witness appear to have been taken be-
fore the commissioners, signed by the witness, and attested by
them in due form as required by law. Witnesses may write
out their own answers in the presence of the commission-

ers and by their consent, but in no other way shall they (the witnesses) prepare the same. Code, §3887. The commissioners were the officers of the court for the purpose of having the interrogatories properly executed, and the legal presumption is that they performed their duty in that respect, especially in this case when they were selected by the party who now objects to their action as to the manner in which the interrogatories were executed, and the impor-tant practical question is, whether that legal presumption can be rebutted by the mere inspection of the answers of the witness, his signature thereto, and the signature of the commissioners, without any other evidence. The court below held that the county court erred in allowing the answers to be read, because from its inspection of the answers the same were not written either by the commissioners, nor by the witness. We are not aware of any law which prohibits the commissioners from employing a disinterested person as a clerk to write the answers of a witness examined before them, and to authorize justice courts, county courts, or any other court, to assume, by *mere inspection*, without other evidence, that the commissioners had violated their duty and the provisions of the 3883d and 3884th sections of the Code, would be in our judgment to establish a dangerous practice ; therefore the sustaining of the *certiorari* on the ground as set forth in the record was error. This not being a motion for new trial, our judgment is confined to the errors alleged in the bill of exceptions.

Let the judgment of the court below be reversed.