### WILLIAMS & COMPANY *v.* DONALSON *et al.*

On a rule for distribution of money in the sheriff's hands, judgments junior to mortgages to Williams will prevail over a mortgage *fi. fa.* junior to the judgments and founded on a mortgage to Williams & Co., alleged to have been given in renewal of the former mortgages, but shown by the record to be a novation.

March 10, 1890.

Money rule. Judgments. Mortgages. Liens. Novation. Before Judge BOWER. Decatur superior court. May adjourned term, 1889.

Under a mortgage execution for $1,469.72, besides interest, etc., in favor of Williams & Company against Bryan, the sheriff sold 1,825 acres of land of Bryan for $525. Donalson *et al.* brought a rule and claimed that certain executions against Bryan held by them (older than the mortgage execution) should be satisfied from the fund. Williams & Company pleaded that they were nevertheless entitled to the fund, because they were the

v 84-38

holders of four unforeclosed and unsatisfied mortgages given by Bryan upon the property sold, older than the judgments of the movants; that all of these mortgages, including the one under which the sale took place, were given and taken as additional security to the first one, not in satisfaction of it nor in lieu or satisfaction of any of them, but as additional security for any and all amounts due claimants by Bryan, who is insolvent; and that it would be inequitable to appropriate the fund to the payment of the executions of the movants, who had notice, when they extended credit to Bryan, that these mortgages existed and were unsatisfied. On the trial, there was testimony that the land sold was worth not over one dollar per acre. The foreclosed mortgage, under which the sale occurred, was dated December 11, 1886, and was given to Williams & Company by Bryan to secure advances theretofore made and to be made during the ensuing season by them to him. It covered the land described in the execution and sold under the levy, as well as other property. Two mortgages from Bryan to J. P. Williams were introduced; one was dated January 30, 1884, the other February 18, 1885; each recited an indebtedness (the former $3,500, the latter $4,500) evidenced by promissory notes due during the years 1884 and 1885, and provided that further advances might be made during those years by Williams, which also should be secured by the mortgages, and that they should secure the payment of the notes and all other indebtedness or any renewal or renewals of the same, such renewals to be optional with Williams or assigns; and the first one covered 1,250 acres of the land covered by the foreclosed mortgage, the other 1,575 acres of it. All of these mortgages were duly recorded.

The judge, to whom the case was submitted, decided that the executions of the movants in the rule should first be satisfied; and Williams & Company excepted.

D. A. RUSSELL and O. G. GURLEY, for plaintiffs in error, cited 42 N. W. Rep. 267; 3 N. E. Rep. 167; 11 Iowa, 219; Jones Mort. §§924–7; Boone Mort. §153; Story Eq. 1035.

DONALSON & HAWES, *contra*, cited 57 *Ga.* 541.

BLANDFORD, Justice.

This was a contest between the parties as to a fund in the sheriff's hands arising from the sale of certain property of a common defendant. The money was awarded to Donalson *et al.*, who represented the oldest judgments. Williams & Co. excepted, and contended that while their mortgage *fi. fa.* was junior in date to the judgments of Donalson *et al.*, yet the mortgage upon which their *fi. fa.* was founded was a renewal of mortgages older than those judgments. The record, however, shows that these older mortgages were made to Williams, not to Williams & Co., and that the mortgage to Williams & Co. was a novation. So we think that, under the facts in the record, the court below ruled correctly in awarding the money to the judgments of Donalson *et al.*          *Judgment affirmed.*