## LOUDERMILK *et al.* v. STEPHENS.

1. When in the transcript of a record duly certified and transmitted to this court there appear copies of the usual certiorari bond and certificate as to the payment of costs, but with no entry of filing thereon, each bearing a given date, and there also appears a copy of a writ of certiorari in the usual form, bearing a date subsequent to that of the papers first referred to, there will be a presumption that the clerk has performed his duty in accordance with the law, and that the writ was not issued until after the papers first referred to had been filed, and that such papers were filed in due time.

2. The second grant of a new trial in a case on certiorari from a justice's court will not be reversed when the evidence in support of the verdict is weak and unsatisfactory, and the overwhelming preponderance of the evidence is against the verdict, and it is manifest that the interests of justice require another hearing.

Submitted July 18, — Decided November 14, 1906.

Certiorari.   Before Judge Kimsey.   Habersham superior court. September 13, 1905.

*J. C. Edwards,* for plaintiffs in error.

*J. H. Jones* and *McMillan & Erwin,* contra.

COBB, P. J.   The case was tried in a justice's court before a jury on July 25, 1903, and resulted in a verdict for the plaintiff.   The defendant applied for a writ of certiorari on August 21, 1903. The petition was sanctioned by the judge on August 29, 1903. The petition was filed in the office of the clerk of the superior court on September 16, 1903."   There appear in the record immediately following the affidavit to the petition, and preceding the entry of filing by the clerk, a certiorari bond and a certificate as to the payment of costs, each dated October 13, 1903.   The writ of certiorari was issued February 17, 1904.   A motion was made to dismiss the certiorari upon the ground that it did not appear that either the certiorari bond or the certificate as to the payment of costs had been filed in the clerk's office.   The date of each being subsequent to the date of filing entered upon the petition, it is apparent that they could not have been filed with the petition if the dates appearing on the papers are correct.   The writ of certiorari contains the usual recitals that the applicant "has complied with the requirements of the law in the case of application for certiorari."   The petition for certiorari must be presented within thirty days, but if presented within that time and sanctioned, it may be filed at any time within three months from the date of the judgment complained of.   *Carson* v. *Forsyth,* 97 *Ga.* 258.   In the present case the petition seems to have been presented within thirty days, but it was not sanctioned until after the expiration of thirty days, but no question was raised as to whether both the presentation and the sanction must be within the thirty days.   The motion to dismiss was predicated solely upon the ground that the bond and the certificate as to costs had not been filed in the clerk's office.   Unless the petition, the certiorari bond, and the certificate as to costs are all filed with the clerk within three months after the date of the

judgment complained of, the clerk has no authority to issue the writ, and if he does so it is void. · While it does not appear at what time the certiorari bond and the certificate as to costs were filed, it does appear that these papers have reached the clerk's office, and they are certified by him as part of the record in this case. Having been thus shown to be in the clerk's office, the presumption is that the clerk has discharged his duty in reference to the case, that is, that he issued the writ after these papers were filed, and that they were filed in due time.

2. This was the second grant of a new trial on certiorari from the justice's court. There is some evidence to authorize the verdict, but it is weak and unsatisfactory. The overwhelming preponderance of evidence is against the verdict. Under such circumstances we will not reverse the judge for granting a second new trial.          *Judgment affirmed.   All the Justices concur.*