MUNICIPALITY OF GURABO v. THE JUNCOS CENTRAL COMPANY.

Appeal from the District Court of Humacao.

No. 753.—Decided May 23, 1912.

INJUNCTION—SUSPENSION OF GENERAL BUSINESS OF A CORPORATION—NOTICE OF APPLICATION.—The present action for an injunction has for its object the enjoining of the defendant company from continuing to use the railroad tracks which it has constructed upon lands of the plaintiff municipality. *Held:* That this case does not fall entirely within the provisions of section 9 of the Injunction Act of March 8, 1906, because the restraining order of the court does not operate as a suspension of the general and ordinary business of the defendant corporation but only affects the same in part. This error does not annul the subsequent proceedings in this case because the prejudiced party accepted the ruling of the court and filed a new application for an injunction, giving notice thereof to the defendant.

ID.—APPLICATION FOR INJUNCTION—PROCEEDINGS—DETERMINATION OF RIGHTS OF PARTIES.—When an application for an injunction is presented whose principal and only object is to obtain a perpetual injunction, as was done in this case, the defendants should be duly notified thereof and they may demur or answer as they see fit. If the case is not decided on the pleadings the parties introduce their testimony and later a judgment is rendered on the merits of the case. Meanwhile a temporary injunction may be solicited and, in many cases, the fact that the temporary injunction is granted or denied does not necessarily affect the granting or denial of the perpetual injunction. When the law lays down no exact rules for the prosecution of a suit for injunction, as is the case in Porto Rico, the court should direct the progress of the same, applying as far as possible the rules for the prosecution of an ordinary suit and reducing or extending the time to plead according to the nature of each case.

ID.—DENIAL OF APPLICATION FOR INJUNCTION—DISCRETION OF COURT.—Considering the special nature of the injunction and that its temporary or final granting, particularly the former, rests upon the sound discretion of the court, the court has authority to deny the application offhand or to dismiss it finally after the hearing for a temporary injunction within the suit for a final injunction if the court is convinced that the petitioner has absolutely no grounds for the same, and in such cases the decision of the court disposes of the suit finally.

ID.—DENIAL OF APPLICATION FOR INJUNCTION—AMENDED APPLICATION.—When by a mere reading of the application for an injunction it cannot be decided whether it is entirely lacking in grounds or whether it can be amended, the court commits error if in passing on the petition for a temporary injunction it dismisses the suit finally.

The facts are stated in the opinion.

*Messrs. Luis Llorens Torres* and *Miguel Guerra* for appellant.

*Messrs. Hartzell* and *Rodríguez Serra* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On January 12, 1911, the municipality of Gurabo filed in the District Court of Humacao a complaint asking for an injunction against the Juncos Central Company, alleging the following facts:

"1. That by a municipal ordinance passed by the Municipal Council of Gurabo the *alcalde* of said municipality was duly authorized to file this complaint.

"2. That the defendant is a corporation organized under the laws of Porto Rico, with its main office within the judicial district of Humacao.

"3. That the defendant corporation is engaged in the planting of sugar cane and in the making of sugar, and maintains and operates, for the transportation of cane and other products a private railroad which runs from the buildings of the defendant corporation in the directions hereinafter set forth and across the municipal jurisdiction of Gurabo from east to west.

"4. The plaintiff further alleges that the defendant corporation, without any right, permit, grant, or title whatsoever, built and laid said private railroad track upon the following municipal roads of Gurabo:

"(a) Upon the Jagua road, which leads from the town of Gurago to the *barrios* of Jagua, Celada and Quebrada Infierno. This road is crossed, at the place where the road runs through one of said a spur of said railroad, which runs from the plant of the defendant to the rural property belonging to Manuel Méndez, formerly owned by the Estate of Borrás.

"(b) Upon a road leading from the town of Gurabo to the *barrio* of Masas, place known as Hato Nuevo. This road is crossed by the spur above described.

"(c) Upon the road leading from Hato Nuevo to the *barrio* of Mamey.

"5. That the tracks of the railroad operated by the defendant corporation in crossing take up an extension of 10 meters long by 2 yards wide of road (a).

"That a similar extension is taken up by said tracks of road (b), with the difference that the tracks are laid upon an embankment built near the center of this road.

"That road (c) is crossed by said tracks from east to west, and

after running through some private property it crosses it again transversely and takes up an extension of 52 meters, more or less. It runs from this point parallel with the road without any fence between them for a long distance. Said railroad again runs into properties belonging to the porto Rican-American Tobacco Company and comes out into the road leading to Hato Nuevo, and runs along the sides of the road for a distance of about 1 kilometer, recrossing it for a length of 9 meters, more or less.

"6. That said municipal roads are registered in the office of the Commissioner of the Interior upon the proper registry and in favor of the plaintiff municipality.

"7. That the defendant corporation, by using with its tracks the municipal roads above described, interferes with the free transit of carriages and carts, endangering the life of pedestrians, and has rendered said municipal roads useless for public use, although the same were made for the transit of carriages and carts, and prevents the natural drainage of the same and makes it impossible to repair them, thus depriving the community of the free and proper enjoyment of the said municipal roads.

"8. That the plaintiff, the municipality, never consented to the usurpation and violation committed by the defendant upon said roads.

"9. That the plaintiff is unable to construct said vecinal roads through different places from those now in use, and the inhabitants of said *barrios* are prevented from developing their business and occupations because of the lack of roads for the traffic of vehicles to the town and the risk to their persons and inconvenience in transportation."

The prayer of the complaint is as follows:

"In virtue whereof the plaintiff prays this honorable court to issue a writ of injunction to the defendant corporation enjoining it from continuing the maintenance and operation of said private railroad owned by it upon the places crossed by its tracks and upon the sides of the road along which said railroad runs, with further proceedings suitable to the case, and with costs to the defendant with the expenses of this action."

The court set June 22, 1911, for the defendant to appear and show cause why the injunction prayed for should not be

granted, and restrained it from continuing the operation of said railroad until the further orders of said court.

On June 14 the defendant filed a "petition to set aside the temporary injunction," and alleged in substance that it had been enjoined from maintaining and operating a certain railroad until further orders without the complaint being served upon it; and that in view of the fact that the operation of said railroad was one of its ordinary and general business, the provisions of section 9 of the Injunction Act of March 8, 1906, have been violated.

The court granted the request made by the defendant, setting aside the order of June 12 and leaving the plaintiff at liberty, if it thought fit to do so, to file a new petition complying with the requirement of serving the same upon the defendant.

The transcript of the record then discloses a copy of the notice served upon the president of the defendant corporation, worded as follows:

"Please take notice that on the 24th instant, at 10 a. m., counsel for the plaintiff municipality will present to the District Court of Humacao a petition and complaint for an injunction, copy of which is herewith inclosed, and then and there a new preliminary writ of injunction will be requested from said court upon the grounds stated in the complaint. Humacao, P. R., June 19, 1911. Luis Llorens Torres, by his colleague, Miguel Guerra, attorney for the plaintiff."

Then follows the opposition of the defendant to the issuance of the preliminary injunction during the pendency of this suit, wherein the defendant alleges at length its reasons "for opposing the issuance in this case of a preliminary restraining order, reserving its rights to answer the complaint and allege the defenses it may see fit in the ordinary course of this action," and ends with the prayer "that the preliminary writ of injunction requested be refused." This opposition was filed over the objection of the plaintiff, who opposed it on the ground that he had not been notified of it. The

opposition is sworn to and it is accompanied by a letter from the Commissioner of the Interior of Porto Rico of June 23, 1911, granting a provisional permit to the defendant to continue with the operation of his private railroad and to run upon the roads described in the complaint for injunction.

The appellant, in its brief, assigns as errors committed by the district court the following:

"1. The setting aside of the preliminary writ of injunction upon the *ex parte* motion of the defendant.

"2. Holding that the plaintiff is bound to notify the defendant previously of the filing of the petition for injunction; and

"3. The dismissal of the complaint upon the only evidence of the letter of the Commissioner of the Interior, notwithstanding the fact that the allegations of the complaint are sufficient to support the issuance of the writ of injunction."

Section 9 of the Injunction Law now in force, approved March 8, 1906, literally reads as follows:

"An injunction to suspend the general and ordinary business of a corporation cannot be granted without due notice of the application therefor to the proper officers or managing agent of the corporation, except when The People of Porto Rico are a party to the proceeding."

The defendant's case is not entirely included within the provisions of section 9 above transcribed, because, as a matter of fact, the restraining order issued by the court did not operate as a suspension of the ordinary and general business of the defendant corporation as required by law. *Golden Gate M. Co.* v. *Superior Court,* 65 Cal., 187. They were affected in part, but not totally. The decision of the court was not, therefore, well founded; but the error committed does not imply the setting aside of the proceedings subsequently had, because the plaintiff accepted that ruling of the court and filed a new petition for injunction with notice to the defendant.

Let us now examine the third and last of the errors assigned.

In this case we are not dealing with a petition for injunction filed in connection with an ordinary action previously brought, but with a complaint for injunction. The plaintiff submitted his whole case to the decision of the court and the same should have been prosecuted in accordance with law until final decision was rendered therein. When a proceeding is instituted in a court whose proper and only object is to obtain a perpetual injunction the defendants must be duly notified, and they may demur or answer the complaint as they see fit. If the case is not decided upon its pleadings, evidence should be introduced by the parties and then judgment rendered upon the merits of the case. In connection therewith the issuance of a preliminary injunction may be requested, and many times the granting or the refusal of the preliminary injunction does not prejudice the granting or the refusal of the perpetual injunction.

When the law does not prescribe fixed rules for the prosecution of actions for injunction, as is the case in Porto Rico, the order of procedure should be directed by the court applying to it the procedure of an ordinary action not incompatible therewith, shortening or extending the time in accordance with the nature of the case. Once all the parties in interest are legally submitted to the jurisdiction of the court they should have an ample and secure opportunity to make their allegations and introduce their evidence, as the case may be, in order to enable the court to decide the case with full knowledge of the questions at issue.

Now, then, taking into consideration the special nature of an injunction and that its preliminary or final issuance, especially the former, rests in the sound discretion of the court, the court has power to dismiss outright a complaint or dismiss totally after a hearing upon a petition for a preliminary injunction filed in connection with the action for injunction whenever the court is convinced that the plaintiff is devoid of any rights whatever, and in such cases the decision of the court finally disposes of the case.

''But where a bill seeking an injunction is manifestly without equity it is proper for the court to refuse the relief upon a mere inspection of the bill, and without granting a rule *nisi* upon defendant to show cause against the motion for an injunction.'' 2 High on Injunctions, 1197, citing the cases of *Remshart* v. *The Savannah & Charleston R. Co.*, 54 Ga., 579; *Brown* v. *Wilson*, 56 Ga., 534.

''Where it is apparent from the bill for an injunction that there is no ground for relief, the bill may be dismissed at the hearing for the preliminary injunction without requiring the defendant to answer. *Sauls* v. *Freeman*, 24 Fla., 209; 12 Am. St. Rep., 190.

''If bill is without equity court may dismiss without further pleadings. In a suit for an injunction alone, which, on hearing of a motion therefor, is refused, the defendant may properly be denied leave to answer, and the bill, if without equity, may be dismissed.'' *Field* v. *Village of Western Springs*, 181 Ill., 186.

We have deemed it necessary to state the foregoing facts because, as it appears from the record, both parties came before the District Court of Humacao on June 24, 1911, to argue the issuance of a preliminary writ of injunction, and the judge not only denied said writ but went further and dismissed fully the complaint filed and therefore finally decided the case.

The authorities above cited support the action taken by the district judge. Let us now examine if his decision is well founded—that is to say, whether the complaint in this case is devoid absolutely of any grounds for the granting of the remedy requested.

The grounds upon which the district judge based his dismissal of the complaint were the following:

''1. That no irreparable injury appears from the facts alleged;

''2. That no sufficient facts were stated to show that the railroad obstructed the free traffic on said roads. It is not sufficient to state a conclusion, but the facts upon which the same is based must be alleged;

''3. That the plaintiff has an adequate and effective remedy in the ordinary course of the law, such as an action for damages and to remove the tracks.

"4. That the tracks of the defendant have already been laid and have been in operation, and no reasons are alleged in the complaint why the plaintiff did not request the injunction at the proper time; and finally,

"5. That the granting of the injunction would not benefit the plaintiff, but would greatly damage the defendant, because the plaintiff would gain nothing by stopping the running of the cars, leaving the tracks in the same condition in which they were, while the defendant would be deprived of the operation of its railroad for the transportation of cane and its products."

We have carefully examined the complaint in connection with the foregoing grounds and the jurisprudence applicable to this case, and in our judgment if the district judge should have limited himself to dismiss the petition for a preliminary injunction and to grant to the plaintiff, if he so requested, a reasonable time to amend his complaint, then he would have made a proper application of the law and would have correctly used his discretionary power.

But by dismissing the complaint the district judge went further than he should have done. We have already held that a judge may dismiss a complaint for injunction, but, as we have already stated, only when the complaint is absolutely devoid of any foundation and it clearly appears that it cannot be amended; but from a mere reading of the complaint it cannot be affirmed that such is the case with the action brought by the municipality of Gurabo.

If after the filing of the allegations of the parties and the introduction of their evidence the judge convinces himself of his reasons for denying the preliminary injunction, then he may deny the perpetual injunction and render judgment to decide the case finally.

For these reasons we are of the opinion that the order appealed from dismissing the complaint should be reversed and the case remanded to the court below for further proceedings not inconsistent with this opinion.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.