### ·CONNALLY *et al. v.* MORRISON *et al.*

1. The Civil Code, § 1535, provides for the holding of elections in school districts to determine whether a local tax shall be levied for the purpose of supplementing the funds received from the State for public schools in the district; and it is declared that "two thirds of those voting shall be necessary to carry the election for local taxation for public schools." Where such an election has been held, and the requisite majority is obtained, it is the duty of the ordinary to declare the result, and thereafter a tax will be levied as provided for in the Civil Code, § 1537.

2. Where the law for levying a local tax for supplementing the funds in a school district has been put into effect by an election in a district, as mentioned in the preceding note, it will continue until changed by law.

3. Civil Code § 1536 deals with the matter of repeal of the local-tax law in a given school district in so far as it is applicable to such district. Properly construed, the statute reflects the· legislative design that local application of the law could be repealed in the district, if, at an election called after the law had been in effect in such district three years, two thirds of those voting at the election should favor the repeal. It does not contemplate a repeal by the result of an election called "to pass upon the question of local taxation for schools"′ in the district, at which sixty votes were cast "for local taxation for schools" in the district, and thirty-four votes were cast against it.

4. The application to enjoin the levy of the tax was properly refused.

AUGUST 13, 1913.

Petition for injunction. Before Judge Fite. Dade superior court. April 15, 1913.

Leon Connally and several other persons, as citizens and taxpayers of the 960th school district of Dade county, instituted an action against W. G. Morrison, John L. Case, and S. J. Hale, as district trustees, and others, alleging, that more than three years before the institution of the suit an election was held in the district, as provided by law,,for the purpose of assessing a local school tax upon the taxpayers of the district, and that the election resulted in favor of local taxation, and the law authorizing such taxation remained in force "until the three years limited by law had expired." After "the limit had expired, a sufficient number of taxpayers petitioned the ordinary to call an election to pass on the question of local taxation for schools in the district." The call for the election was advertised as provided by law, and the election was held, "which resulted in 60 votes for local taxation for schools in said district and 34 votes against local taxation." It was further alleged that "local taxation did not carry," for the reason that "there was not the requisite two-thirds majority voting for such taxation," it being urged that under the constitution (Civil Code, § 6579), and the laws in pursuance thereof (Civil Code, §§ 1534, 1535, 1536), "a two-thirds majority vote was requisite" to place the burden of taxation for such purpose upon the inhabitants of the school district. There were allegations suggestive of improper conduct upon the part of the managers of the election, which need not be stated. The ordinary has publicly declared that at the election local taxation for school purposes was carried, and in view of such announcement the school commissioners will assess and levy a school tax, which action, it is contended, would be contrary to law. The prayers were, that the defendants be enjoined from assessing and levying any tax whatever for school purposes in the district; that no accounting or reckoning be taken of it until ordered by the court under a decree framed in conformity with the law; that the tax-collector be enjoined from collecting any tax for school purposes; that such other and further relief be granted "as may be just, equitable, and lawful;" and that process issue, etc. The petition was sworn to by one of the plaintiffs, who made an affidavit that the facts when stated of deponent's own knowledge were true, and when stated upon information he believed them to be true. When the petition was presented to the judge at chambers, he did not issue a rule nisi, but passed an order denying the injunction,

on the ground that the provisions of Civil Code § 1536, if constitutional, were not intended to authorize a small minority to repeal the local-tax law after it has been lawfully put into effect in a school district. The plaintiffs excepted to this order, and the case came to the Supreme Court on a fast bill of exceptions under the provisions of the Civil Code, § 6153.

*W. U. Jacoway* and *H. P. Lumpkin,* for plaintiffs.

ATKINSON, J. The record discloses that upon mere inspection of the petition the judge refused the injunction on the ground that he considered that the petition was clearly without equity. That he could do so has been decided. *Remshart* v. *Savannah &c. R. Co.,* 54 *Ga.* 579; *Brown* v. *Wilson,* 56 *Ga.* 534. Whether there was any equity in the petition would depend on the right of the officers to levy the tax, which, under the allegations of the petition, was merely a question of law. It was conceded that the law authorizing the school tax in the district had been effective by virtue of an election previously held for that purpose; and the only ground upon which it was contended that there was no authority at the time suit was filed for the levy of such a tax was that the law authorizing the levy of the tax was no longer effective in the district.

By art. 8, sec. 4, of the constitution of this State (Civil Code, § 6579), it is declared: "Authority may be granted to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation, and approved by two-thirds majority of persons voting at such election; and the General Assembly may prescribe who shall vote on such questions." In pursuance of this provision of the constitution there are statutory provisions of law now embodied in the Civil Code, as follows:

"§ 1535. Whenever the citizens of any school district wish to supplement the funds received from the State public-school fund by levying a tax for educational purposes, they shall present a petition from one fourth of the qualified voters of the district to the ordinary, who shall order the election not earlier than twenty days, nor later than sixty days, after the petition is received; Provided,

that notice of the same shall be posted in at least three conspicuous places in the district ten days prior to the election. The election shall be held at a time and place prescribed by the proper authorities, and under rules governing ordinary elections. Those favoring local taxation for public schools shall vote 'For local taxation for public schools.' Those opposed shall vote 'Against local taxation for public schools.' The returns of said election shall be made to the ordinary of the county, who shall declare the result, and two thirds of those voting shall be necessary to carry the election for local taxation for public schools. No person shall vote in said election except the regularly qualified voters residing in the district six months prior to the election. An election for the same purpose shall not be held oftener than every twelve months."

"§ 1536. An election for repealing the local-tax law provided for in this Article, when the same has been established for over three years, shall be called as in first instance. And if abolished by vote under similar regulations as in first instance, no new election for re-creating the same shall be called within one year. If not abolished by vote, no election for the same purpose shall be called within one year."

"§ 1544. All elections held under the provisions of this Article shall be governed as to registration and qualification of voters as the general law governing special elections provides."

"§ 1537. In those districts which levy a local tax for educational purposes, the board of trustees shall make all rules and regulations to govern the schools of the districts, and build and equip schoolhouses under the approval of the county board of education. They shall have the right to fix the rate of tuition for nonresident pupils, and to fix the salaries of the teachers. They shall receive from the county board of education the share of public-school funds apportioned to the district by the county board of education. They shall determine the amount necessary to be raised by local tax on all the property of the district. The secretary of the board of trustees of said district, with the aid of the county school commissioners of said county, shall ascertain from the tax returns made to the tax-receiver, and from the returns made to the comptroller-general, the total value of all the property in said district subject to taxation for county purposes, and a regular digest of all such property in said school district shall be made by

said secretary in a book furnished by the board of trustees and kept for that purpose. At or before the time of fixing the rate of taxation for said county, the secretary of each local board of trustees, with the aid of the county school commissioner, shall levy such rate on the property thus found as will raise the total amount to be collected: Provided, that such rate shall not exceed one half of one per cent. The county school commissioner of each county, at or before the time for fixing the rate of said county by the ordinary thereof, or the county board of commissioners, as the case may be, shall certify to the said ordinary, or said board of commissioners, as the case may be, and to the comptroller-general of the State the rate of taxation fixed for each school district in the county, and said taxing authority of said county shall levy such special tax at the same time and in the same manner as is now prescribed for levying taxes for county purposes. A copy of the special tax digest of said local tax district shall be furnished by the secretary of the local board of trustees to the tax-collector of the county."

The foregoing provision of the constitution and the statutory provisions of law authorize taxation in school districts for the purpose of supplementing the school funds received from the State in such districts, whenever, at an election held for such purpose in the school district, a two-thirds majority of persons voting at such election vote in favor of local taxation, and the result of the election is declared. The law is not of its own force applicable in all school districts of a county, but it is a general law and becomes applicable in any given district when it is declared so as the result of an election held in accordance with the statute. There is no suggestion anywhere that after the law, by virtue of an election, becomes effective in a given district, it would cease to be so by mere lapse of time. It does not, as alleged in the petition, "expire" after it has been in effect three years. The words at the conclusion of section 1535, "an election for the same purpose shall not be held oftener than every twelve months," manifestly refer to the holding of elections to determine whether the law shall become effective in the district, and have no reference to rendering the law ineffectual after it has once been declared applicable in the district. The provision was intended to restrict the frequency of such elections which would likely occur if the result were not in favor of local taxation in the first instance. If the law did not expire by mere lapse of

time, then by what means did it become inoperative in the district? It is urged that it did so by virtue of the election held after the law had been in effect three years. In support of this it is insisted that the election was held under the Civil Code, § 1536, at which sixty votes favored taxation and thirty-four opposed it; and that this caused the repeal of the law in so far as it related to that district. The judge doubted the constitutionality of Civil Code § 1536; but no constitutional question was raised, and none is now for consideration. The judge differed with counsel for plaintiffs in the construction of the statute, and held that the election did not repeal the local application of the law. In this we agree with the judge. The error into which counsel for plaintiffs have fallen commences by assuming that the election under section 1536 was for the same purpose as that provided for in 1535, whereas it was not; the purpose of the election under 1535 being to determine whether the general law for levying a tax in school districts should become applicable in that district, while the purpose of the election under 1536 was to determine, after the law had been made applicable, whether its application to the district should be repealed. In the one instance the proposition is to apply the law, and in the other to repeal. In each instance it requires affirmative action to bring about the change of condition which the election is called to accomplish. In section 1535 provision is made for holding the election; and it is declared, in effect, that, in order to carry the election or bring about the change of condition, it is essential that a two-thirds majority of those voting should favor the change. On this subject section 1536 uses different language, but manifestly it was intended to mean the same thing. Instead of setting out at length provisions for calling the election, it merely recites that it shall be called "as in the first instance," intending thereby that the election shall be called with the same formalities as set forth more particularly in the preceding section; and instead of setting out at length provisions for holding the election, and qualifications of voters, and for returns of the managers, and declaring the vote necessary to carry the election, or to bring about the change in the law which was sought to be produced, it merely recites that if the law be "abolished by vote under similar regulations as in first instance, no new election for re-creating the same shall be called within one year," thereby intending that the election would carry,

32

or that the change of condition should result, if the election were held and returns made according to the formalities more fully set out in the preceding section, and the proposition to make the change should receive the majority necessary to carry the election, as is more fully set out in the preceding section. In effect, relatively to these matters, it adopts a part of the provisions of the preceding section. If any other interpretation be placed on this part of section 1536, it would be necessary to say either that the legislature, while providing the machinery for this election and giving it effect, omitted altogether to say what vote should be necessary to carry the election, or that it was intended that it might be carried, and the existing law repealed, by any minority vote equal to or exceeding one third of the votes cast. This result would be both unusual and inconsistent with the language actually employed, and manifestly not in accord with the legislative intent. Under this construction of Civil Code § 1536, the election described in the petition "to pass on the question of local taxation for schools in the district," at which sixty persons voted for local taxation and thirty-four persons voted against it, did not affect the existing local application of the law. It was the duty of the officers to levy and collect the tax, and there was no equity in the petition to become the basis of the relief sought.

*Judgment affirmed. All the Justices concur.*