### 15956. WOODLAND v. WOODLAND.

This court will not pass upon a case on a direct bill of exceptions assigning error upon the sustaining of a so-called general demurrer to a petition, where the only effect of the ruling complained of was the striking of certain parts of the petition, leaving the case still pending in the trial court.

DECIDED DECEMBER 9, 1924.

Complaint; from city court of Atlanta—Judge Reid. September 6, 1924.

This case came to this court by a direct bill of exceptions assigning error upon the following order and judgment: "The within general demurrer and renewal thereof being called for hearing and after argument thereon, the same is sustained and it is ordered that all expenditures alleged to have been made prior to the granting of the divorce, June 19, 1924, be stricken from the petition. Plaintiff is allowed thirty days in which to amend as to expenditures made since the 'granting of said divorce June 15, 1924. The special demurrer being called with the renewal thereof and after argument thereon, they are overruled." It is stated in the bill of exceptions that "Plaintiff has not accepted said privilege to amend, and will not accept said privilege to amend, and said order and judgment sustaining said general demurrer to plaintiff's amended' petition is a final judgment in said case."

*Len B. Guillebeau,* for plaintiff.

*Herman B. Evins, Edward C. Hill,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) Although the trial judge in his order stated that he sustained the "general" demurrer, an inspection of the order and the demurrer clearly shows that the only effect of the order was to strike from the petition certain items of the account sued for, and to leave the suit, as to some of the items sued for, still pending in the court. It follows that the order sustaining the so-called general demurrer was not a final judgment in the case, and the motion of the defendant in error to dismiss the bill of exceptions is granted.

*Writ of error dismissed. Luke and Bloodworth, JJ., concur.*