23141, 23160. CHATTOOGA COUNTY BANK *v.* SELMAN; and *vice versa.*

DECIDED FEBRUARY 12, 1934.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff.
*C. D. Rivers,* for defendant.

BROYLES, C. J.   On February 4, 1930, Chattooga County Bank obtained a judgment against F. M. and John Dodd.   On April 28, 1931, the execution issued thereon was levied on mules which, for convenience of discussion, are herein numbered: (1) One blue mare mule, 15 hands high, 14 years old, known as the N. K. Bitting mule.   (2) One bay mare mule, 3 years old, about 14 hands high.   (3) One bay horse mule, 14 years old, 15 hands high, known as the John Rivers mule.   (4) One bay mare mule, 9 years old, about 15 hands high.   O. A. Selman filed his claim to the mules so levied upon.   The jury, by direction of the judge, found that mules 1 and 2 were not subject to the fi. fa., and that mules 3 and 4 were subject to the fi. fa.   The verdict was in part adverse to both parties, each claiming the right to all the mules; and each party filed a motion for a new trial, which was overruled.   On these respective judgments overruling the motions for a new trial, the parties assign error in separate bills of exceptions.

In case 23141 the Chattooga County Bank contends that the court erred in directing the jury to find that mules 1 and 2 were not subject to the levy.   O. A. Selman, the claimant and the defendant in error in that case, showed by undisputed evidence that on February 20, 1929, John Dodd, defendant in fi. fa., executed a bill of sale to the Farmers and Merchants Bank of Summerville, conveying mules 1 and 2, and that on November 1, 1929, that bank transferred the bill of sale to O. A. Selman, the claimant.   Therefore it appears that the bill of sale which was executed and recorded on February 20, 1929, and which took the title to the two mules out of Dodd, the defendant in execution, and the transfer of the bill of sale by the Bank of Summerville on November 1, 1929, which placed the title to the mules in O. A. Selman, the claimant, were both older than the judgment of the Chattooga County Bank, which was procured on February 4, 1930; and the evidence further showed that O. A. Selman held the title to the mules at the time the judgment was obtained by that bank.   However, the Chattooga County Bank contends that the mules were subject to its fi. fa. because the bill of sale of February 20, 1929, which was transferred

to claimant O. A. Selman on November 1, 1929, was renewed by subsequent conditional-sale contracts dated February 19, 1931, and April 14, 1932, from Dodd to O. A. & T. H. Selman, a partnership of which the claimant was a member, and that the renewal contracts payable to the partnership, and including additional property, operated as an extinguishment of the bill of sale of February 20, 1929. Since the record shows on its face that O. A. Selman owned these two mules on November 1, 1929, and that the firm of O. A. & T. H. Selman contracted to sell them to Dodd, under a conditional-sale contract retaining title, on February 19, 1931, the ownership of the mules necessarily passed from O. A. Selman to O. A. & T. H. Selman between said dates. However, such change in the ownership of the mules occurred after Dodd had parted with the title on February 20, 1929, by making a bill of sale, and before the execution of the conditional-sale contracts referred to, and such change of ownership was between O. A. Selman, the claimant, and the firm of O. A. & T. H. Selman, and in no way put title in Dodd.

We think the court properly directed the verdict exempting mules 1 and 2 from the levy. They were not the property of Dodd, the defendant in fi. fa., at the time of the judgment or the levy, and Dodd had not owned them for more than two years prior to the levy. On the contrary, the claimant O. A. Selman had acquired title to these mules more than three months before the Chattooga County Bank obtained its judgment, and more than seventeen months before the levy was made. There is no evidence to show that the title to these two mules ever reverted to the defendant in execution after he parted with it by making a bill of sale on February 20, 1929. On the contrary, the conditional-sale contracts of February 19, 1931, and April 14, 1932 (which were executed after the judgment of the bank was obtained), both specifically provided that the title to the property conveyed should remain in O. A. & T. H. Selman until the note given by Dodd was paid; and that indebtedness was never satisfied, and the bill of sale executed by Dodd on February 20, 1929, had never been canceled or surrendered to Dodd. The case of *Williams* v. *Donalson,* 84 *Ga.* 593 (10 S. E. 1015), cited by counsel for Chattooga County Bank, is differentiated by its facts from the instant case. The *Williams* case arose upon a rule for the distribution of money. Two mortgages given by the defendant in fi. fa. to Williams individually were ac-

quired by Williams & Company; but the record recites that "the foreclosed mortgage, under which the sale occurred, was given to Williams and Company by Bryan," the defendant in fi. fa.; and the fi. fa. based on this mortgage was junior in date to the judgment of Donalson, movant of the rule. It was not the older Williams mortgage which was foreclosed, but the junior mortgage of Williams & Company. In the instant case O. A. Selman, individually, is the claimant of mules 1 and 2 under a title which he acquired before the Chattooga County Bank procured its judgment against the defendant in fi. fa. He is not claiming under a junior lien as were Williams & Company, but is claiming under a prior recorded title of which the Chattooga County Bank had notice at the time it acquired judgment and at the time it levied on the property. The court did not err in directing the jury to find that mules 1 and 2 were not subject to the levy, or in overruling the motion for a new trial filed by the Chattooga County Bank.

■■■ Mules 3 and 4 were held subject to the fi. fa., and O. A. Selman, the claimant, contends that these two mules were not subject to the fi. fa. of the Chattooga County Bank, because Dodd, the defendant in execution, had no title to them, for the reason that at the time of the levy on April 28, 1931, the legal title was in O. A. & T. H. Selman, a partnership of which the claimant was a member, under a conditional-sale contract from Dodd, defendant in execution, dated February 19, 1931, and in which O. A. & T. H. Selman retained title to the mules; and O. A. Selman's interest in the partnership was a sufficient basis for his interposing a claim. The Chattooga County Bank contends that a claim filed by an individual can not be supported by proof of title in a partnership, the partnership being a different legal entity.

The contention of O. A. Selman, claimant, is supported by the evidence and the law applicable to the state of facts shown by the evidence. The evidence disclosed two very material facts relative to mules 3 and 4: first, that Dodd, the defendant in execution, never acquired title to them; and secondly, that Selman, the claimant, did have an interest in the legal title to them. These two mules were not included in the bill of sale of February 20, 1929, from Dodd to Farmers and Merchants Bank. Selman claims these mules under a conditional-sale contract and a promissory note made by Dodd to O. A. & T. H. Selman on February 19, 1931 (after

the Chattooga County Bank had procured its judgment against Dodd), which conditional-sale contract specifically and distinctly provided that the title to the mules should remain in O. A. & T. H. Selman until payment of the note; and the conditional-sale contract was duly recorded on March 11, 1931, more than six weeks before the bank's levy was made on April 28, 1931. The specification in the instrument that the title *remain* in O. A. & T. H. Selman was a recognition that title was in that firm and not in the defendant in fi. fa. Dodd did not have title and would not have title unless he paid the purchase-money, which he failed to do. Had Dodd executed a bill of sale to these two mules after the bank had procured judgment against him, of course the vendee would have taken subject to the lien of the prior judgment against Dodd. But there is a vital distinction between the bill of sale of February 20, 1929, showing on its face that title was in Dodd at the time he conveyed the property (before judgment), and the conditional-sale contract of February 19, 1931, showing that title to the property was in O. A. & T. H. Selman. The conditional-sale contract of April 14, 1932, executed after the judgment and after the levy of the bank, conveyed no title to Dodd, the defendant in fi. fa., and retained title in O. A. & T. H. Selman. It did not include mule No. 3, and the only effect that this instrument could have on this case would be to indicate that Dodd had released to his conditional vendors, O. A. & T. H. Selman, presumably for a consideration, any equity that he might have had in mule No. 3 hereinbefore described.

This brings us to a consideration of the question whether O. A. Selman had a legal right to file a claim to these two mules when the title thereto was in the partnership of which he was a member. In *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951), it was held: "Where property is levied on under a fi. fa., and a statutory claim is interposed by a third person, it is not essential that the claimant should have absolute title as a basis for interposing the claim. Any interest which renders the property not subject to the fi. fa., or which is inconsistent with the plaintiff's right to proceed in selling the property, will support a claim." In the opinion in that case (p. 166) the court said: "While an uninterested person can not interpose and maintain a statutory claim on the levy of an execution (*Parker* v. *Matthews,* 106 *Ga.* 49, 52, 31 S. E. 784), nor show paramount title in a third person (*Rowland* v. *Gregg,* 122 *Ga.* 819,

50 S. E. 949), it is not essential that the claimant should have absolute title in order to show a basis or standing in court as claimant. Any interest which renders the property not subject to the levying fi. fa. or attachment or which is inconsistent with the plaintiff's right to proceed in selling the property will support a claim." See also *Wade* v. *Hamilton*, 30 *Ga.* 450 (2) ; *Ehrlich* v. *King*, 34 *Ga. App.* 787 (131 S. E. 524). There is no conflict between these authorities and those cited by the defendant in error in this case. For example, in *Rowland* v. *Gregg*, supra, it was ruled that "A person who may have title to property *or an interest therein*, when a levy is made upon it, must interpose a claim *in his own name*" (italics ours), and this is what the claimant did in this case. In the body of the opinion it was stated that "claimants must show title in themselves, *or such an interest* as would be superior to the right of the plaintiff in fi. fa. . . In cases where factors or others than the owner of property have been allowed to interpose a claim to a levy, it has been because such claimants had title or a lien *or interest of some character which they were authorized to protect*." (Italics ours.) The title to the two mules (3 and 4) in controversy being in a partnership of which the claimant was a member, he had a pecuniary interest in them, and the court erred in directing the jury to find these mules subject to the execution of the plaintiff in fi. fa., and erred in overruling the claimant's motion for a new trial.

*Judgment affirmed in case No. 23141; reversed in case No. 23160. MacIntyre and Guerry, JJ., concur.*