CALLAWAY, ordinary, *et al.* v. JACKSON, administrator, *et al.*

768

No. 9983.   APRIL 13, 1934.

*R. C. Jenkins* and *D. D. Veal,* for plaintiffs.
*M. F. Adams,* for defendants.

BELL, J.   A petition in which the plaintiffs were J. C. Jackson, and Mrs. G. B. Callaway, ordinary, suing in her official capacity for Jackson's use, and in which the plaintiffs sought injuncton and other relief against E. S. Jackson, United States Fidelity and Guaranty Company, and another, was presented to the Hon. James B. Park, Judge of the Ocmulgee Circuit, who entered upon the petition the following statement and order: "The within petition read and duly considered.   Under the allegations contained therein, it would not be proper, under the laws of Georgia, for the court to grant a temporary restraining order.   If the plaintiffs, or any of them, have any cause of action against said defendants, or any of them, then in my opinion  they have an adequate remedy at law against said defendants.   Therefore it is ordered that the restraining order prayed for be denied as provided by the laws of Georgia in such cases."   Thereafter the plaintiffs sued out a bill of exceptions, assigning error as follows:   (1) To that part of the judgment of the court in which the court held, "If the plaintiffs, or any of them, have any cause of action against said defendants, or any of them, then in my opinion they have an adequate remedy at law against said defendants," plaintiffs in error then and there excepted, and now except, and assign error thereon as being contrary to law, and plaintiffs in error contend that they had no adequate remedy at law against said defendants.   (2) To that part of the judgment of the court wherein the court held, "Therefore it is or-

dered that the restraining order prayed for be denied as provided by the laws of Georgia in such cases," plaintiffs in error then and there excepted, and now except, and assign error thereon as being contrary to law, and plaintiffs in error contend that under the law the court should have granted a temporary restraining order in said case on said petition verified by the affidavit of J. C. Jackson, and made a part of said petition.

An affidavit in forma pauperis was made by J. C. Jackson for the purpose of bringing the case to this court without the payment of costs. No affidavit was made by or with respect to the ordinary, and the question has arisen as to whether such an affidavit was necessary. It is apparent that J. C. Jackson was the real party at interest, and the ordinary was a mere formal party with no interest other than her relation as the obligee in the administrator's bond referred to in the petition. In these circumstances the affidavit of J. C. Jackson alone was sufficient to prevent a dismissal of the writ of error for non-payment of costs. A dismissal must still result, however, because the bill of exceptions is a mere attempt to review the refusal of a temporary restraining order, and under previous decisions of this court such an order is not reviewable. The present case differs on its facts from *Remshart* v. *Savannah & Charleston Railroad Co.*, 54 *Ga.* 579, *Brown* v. *Wilson*, 56 *Ga.* 534, and *Connally* v. *Morrison*, 140 *Ga.* 492, 494 (79 S. E. 119), in which the judge refused an injunction, as distinguished from a mere restraining order. In the instant case, there is no assignment of error upon the failure or refusal to sanction the petition or to issue a rule nisi, but the sole exception to anything in the nature of an order passed by the trial judge is to his refusal to grant "a temporary restraining order." It is unnecessary to add further to what is stated in the headnotes.

*Writ of error dismissed. All the Justices concur.*