WALL *et al. v.* HUMPHRIES *et al.*

No. 10032.    JULY 11, 1934.

150

*McDuffie & Richardson,* for plaintiffs.

*J. A. Branch, R. B. Troulman,* and *Dorsey, Shelton & Pharr,* for defendants.

BELL, J. ■ In *Remshart* v. *Savannah & Charleston Railroad Co.,* 54 *Ga.* 579, it was held: "Where a bill praying for injunction is clearly without equity, the chancellor may decline to order

the defendant to show cause against the application for a temporary injunction, and may refuse not only a restraining order but the injunction itself, upon mere inspection of the bill." See, to the same effect, *Connally* v. *Morrison*, 140 *Ga.* 492, 494 (79 S. E. 119). There was no error in refusing to entertain the present petition in so far as it sought an injunction against the distribution of the pamphlets by Humphries. As to this defendant the only contentions were that the pamphlet contained erroneous statements with regard to the powers and duties of grand jurors, and that such statements would tend to confuse and impede future grand juries. It appears from the allegations that the document is a mere private pamphlet, and is being distributed by Judge Humphries in his private capacity. The fact that it may contain erroneous statements of the law is no ground for injunction under the facts stated in the petition. The presumption is that future grand jurors, upon proper instructions, will perform their duties according to law, without regard to any errors that may have been contained in a previous charge or that may be found in a paper now being distributed by the judge in his private capacity. *Connolly* v. *Atlantic Contracting Co.*, 120 *Ga.* 213 (2) (47 S. E. 575); *Loudermilk* v. *Stephens*, 126 *Ga.* 782 (55 S. E. 956); *Ponder* v. *Shumans*, 80 *Ga.* 505 (3) (5 S. E. 502); *Scott* v. *McDaniel*, 64 *Ga.* 780 (3). An injunction will not lie to restrain distribution of a private document merely upon the ground that it contains an erroneous statement of the law which the plaintiffs fear may be confusing to persons charged with the performance of public duties, and thus result in non-action or illegal action by them. In such a case the possibility of injury is too remote as a basis for injunction. *Bailey* v. *Ross*, 68 *Ga.* 735; *Tift* v. *County of Dougherty*, 74 *Ga.* 340; *Mayor &c. of Americus* v. *Mitchell*, 74 *Ga.* 377. The court might as well enjoin utterances upon the streets to the same effect, because citizens and taxpayers are apprehensive that some of their public servants may be led astray thereby. For the reasons stated, if not for others, the petition failed to state a cause of action so far as distribution was concerned.

■ Nor does the petition show any cause for an injunction against the county treasurer, Mrs. MacNeill. It does not appear from the allegations that the treasurer is threatening to pay the expense of printing the pamphlet or that she also will do so unless

enjoined; and in the absence of anything to the contrary it is to be presumed that she will obey the law and decline payment, if in fact she should be ever called upon therefor, and if it be true as contended by the plaintiffs that payment of the item would be illegal. In *Thornton* v. *Skelton,* 149 *Ga.* 93, 95 (99 S. E. 299), it was said: "'It is not sufficient ground for an injunction that the injurious acts may possibly be committed, or that injury may possibly result from the acts sought to be prevented. There must be at least a reasonable probability that the injury will be done if no injunction is granted, and not a mere fear or apprehension.'" See also *Long* v. *Railroad Commission of Georgia,* 145 *Ga.* 353 (89 S. E. 328) ; *Cone* v. *Jones,* 178 *Ga.* 189 (172 S. E. 465).

The petition did not state a cause of action against either defendant, and there was no error in the judgment complained of. The request for a direction that the court below allow the plaintiffs to amend is denied.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*