ANSLEY PARK GOLF CLUB *v.* ANDERSON *et al.*

No. 10018. September 21, 1934. Rehearing denied September 28, 1934.

*Winfield P. Jones,* for plaintiff.

*J. K. Jordan* and *Warren Rogers,* for defendants.

Russell, C. J. Ansley Park Golf Club made application to the superior court, seeking to register the title to certain real estate in Fulton County. Objections were filed by numerous adjoining landowners, defendants in the registration proceeding. The case was referred to an examiner. The examiner filed a preliminary report, and, after hearing evidence, filed his final report, finding in favor of the applicant for registration, and that it was entitled to have the title to the land registered as prayed. The defendants thereupon filed a motion "to quash the reports, both preliminary and final, of the examiner in this and all proceedings therein, upon the ground that said preliminary report was prepared in whole, or in the main, by applicant's counsel and the stenographer of one of such counsel, as appears from the testimony of Winfield P. Jones, Esq, attorney for applicant, reported on pages 115 to 124 of the transcript of testimony in said cause, particularly as follows: . . At the conclusion of the testimony of said attorney for applicant, objector's counsel moved to quash the entire proceeding, on the ground that such communications between such attorney and the examiner voided the whole proceeding, as more fully appears from said motion as set forth at page 125 of said transcript. Objectors except, as matter of law, to the refusal of said examiner to quash said proceeding, and now pray that same be quashed upon the ground that the preliminary report of said examiner was prepared, made, and written, wholly or mainly, by the attorneys for the applicant and the stenographer of leading counsel for applicant." Upon this motion the court passed the following order: "The foregoing motion to quash, as amended, coming on to be heard upon the evidence therein and in petitioner's objections thereto, said motion to quash is hereby sustained, and the final and preliminary

580

reports of the examiner are hereby quashed and dismissed." The applicant for registration assigned error on that judgment.

■ "Without an exception to a final judgment in the cause, a writ of error does not lie merely upon the striking and dismissal of exceptions of fact to the report of an examiner, and upon the refusal of a demand for jury trial on these exceptions." *Bass Foundry & Machine Co.* v. *Miller,* 153 *Ga.* 764 (113 S. E. 1). The same principle applies in the present case, although the nature of the order excepted to was somewhat different.

ON MOTION FOR REHEARING.

■ Leave is granted the plaintiff in error to file the official copy of the bill of exceptions in the superior court as exceptions pendente lite. *Writ of error dismissed. All the Justices concur.*