## HITCHCOCK *v.* HAMILTON.

No. 11955. September 15, 1937.

*McCullar & McCullar,* for plaintiff.

*G. L. Dickens,* for defendant.

Beck, Presiding Justice. ■ "An order merely dissolving a previous temporary restraining order, though passed after submission of evidence and argument of counsel at interlocutory hearing, is not a refusal of injunction on which writ of error lies." Such an order can not by mere inference or implication be construed as a refusal of an interlocutory injunction, and that question remains "to be heard and passed on." This is true regardless of the language of the judge in giving reasons for the dissolution. *Wofford Oil Co.* v. *Nashville,* 177 *Ga.* 460 (170 S. E. 369), and cit.; *Johnson* v. *Troup County Rural Electrification Cor.,* 184 *Ga.* 527 (192 S. E. 15), and cit. The judgment in this case was as follows: "Therefore I hold that under the evidence introduced in this case at the said interlocutory hearing, the plaintiff has no title to the said 80 acres of land, more or less. Therefore the temporary restraining order granted on March 4, 1937, is hereby dissolved." Since, under the rules stated, it is the actual order passed, rather than the reasons given therefor, which determines whether there can be a fast bill of exceptions, and since under the order in this case such a bill will not lie, it can not be maintained as a "fast bill of exceptions," as it is entitled. Nor can it be maintained, under the Code, § 6-701, as an ordinary bill of exceptions to a final judgment or a judgment which, if rendered as contended by the plaintiff, would have been a final disposition of the cause. The bill refers to "sustaining certain of the defendant's general demurrers," and the judge in his order stated, "As to the general and special demurrers filed by the defendant, I have disposed of them, as will be seen from the order entered thereon this day;" but no order on any demurrers appears in the bill of exceptions or the record. The record contains no

general demurrer, and only certain grounds of special demurrer. The only assignment of error as to any order on demurrers is that the court erred "in sustaining any of the grounds of special demurrer." A ruling merely on special demurrer to a petition will not authorize an ordinary bill of exceptions, unless it is coupled with or followed by a dismissal of the petition upon refusal or failure after opportunity given to amend. See *Richter* v. *Macon Gas Co.*, 144 *Ga.* 650 (2) (87 S. E. 895); *Woodland* v. *Woodland*, 33 *Ga. App.* 167 (125 S. E. 732). Neither the time nor the place nor the character of the evidence at the interlocutory hearing before the judge was such as would authorize a final adjudication of the title; but that question was merely incidental in determining whether the previous temporary restraining order should be dissolved or continued. In dissolving such order, the ruling as to the title was stated expressly as the reason therefor.

■ Although this court has many times held that, "when in a given case it should have been obvious that the writ of error was premature, this court will refuse . . to allow the bill of exceptions to be withdrawn and filed in the court below as exceptions pendente lite" (*United Glass Co.* v. *McConnell*, 110 *Ga.* 616 (2), 36 S. E. 58; *Harvey* v. *Bowles*, 112 *Ga.* 421 (2), 37 S. E. 364; *Burkhalter* v. *Roach*, 145 *Ga.* 834 (4), 90 S. E. 52; *Brannon* v. *State*, 147 *Ga.* 499 (2), 94 S. E. 759; *Callaway* v. *Jackson*, 178 *Ga.* 767 (6), 174 S. E. 241; *Drake* v. *Drake*, 181 *Ga.* 844, 184 S. E. 699), yet under "special facts" leave may be granted. See *Jenkins* v. *Lane*, 150 *Ga.* 533, 535 (104 S. E. 195); *Ansley Park Golf Club* v. *Anderson*, 179 *Ga.* 579 (176 S. E. 377); *Bass Foundry & Machine Co.* v. *Miller*, 153 *Ga.* 764 (2) (113 S. E. 1). Since the language of the ruling with reference to the question of title was such as to prevent this case from being one in which a writ of error palpably would not lie, permission is granted to treat the copy of the bill of exceptions now of file in the trial court as exceptions pendente lite.

*Writ of error dismissed, with direction. All the Justices concur, except Bell, J., absent because of illness.*