No. 67.—THOMAS ANDERSON *et al.* plaintiffs in error, *vs.* JOHN B. LEWIS, defendant in error.

[1.] In a claim case, a judgment in favor of the claimant and against the representatives of the defendant in the claim *fi. fa.* establishing the copy of the deed to the land·levied on, made by that defendant to the claimant, is admissible in evidence for the claimant.

Claim, in Dooly Superior Court. Tried before Judge POWERS, April Term, 1856.

A *fi. fa.* in favor of Thomas Anderson and others against Charles H. Rice, bearing date July 16th, 1846, was levied on lot of land No. 36, in the 10th district of Dooly County, and the land was claimed by John B. Lewis.

On the trial of the claim case, plaintiffs in *fi. fa.* introduced in evidence a grant from the State to Charles H. Rice, of the lot in dispute. Plaintiffs then introduced their *fi. fa.* and closed. The *fi. fa.* was dated 13th July, 1846. Several witnesses were sworn by claimant, and testified as follows:

PHILEMON BOHANNON testified that the claimant went into possession of the lot in controversy in 1846; that claimant showed him, in 1846, a deed to said lot, purporting to have been made by Charles H. Rice to claimant; that the name of Bennet Parvis, J. P. was signed as a witness to said deed; that he had often seen Bennet Parvis write, and the name was in his hand-writing; that claimant has been in possession ever since.

BENNET PARVIS testified, that he had no recollection of

ever having witnessed such a deed, but has frequently wit-
nessed deeds of which he has no recollection.

WM. R. BROWN testified, that he had no recollection of
ever having witnessed such a deed.

FOLTON K. LEWIS testified, that claimant went into posses-
sion of said lot in 1846, and has remained upon it ever since;
that he witnessed a deed to said lot from Charles H. Rice to
claimant in 1848; that he does not know that Charles H.
Rice had made any previous deed to claimant, but the par-
ties so said at the time referred to, and that it was burned up
in the court-house, and that this last deed was made to save
the trouble of establishing a copy of the first deed.

ROBERT B. DAVIES, Clerk of Dooly Superior Court, testi-
fied that the court-house in Dooly County was burnt up, and
he supposes, all the records, except one book of the Ordinary.

JOHN B. LEWIS (the claimant) testified, that he placed the
deed, "the one he established," in the Clerk's office for re-
cord.

Claimant then introduced a copy deed, bearing date Feb-
ruary 2d, 1846, and the proceedings and order of the Supe-
rior Court establishing the same in lieu of the lost original,
the names of Robert Brown, William R. Brown, and Bennet
Parvis, J. P. appearing to said deed as witnesses, and the
order establishing said deed, bearing date November Term,
1850.

Plaintiffs' Counsel objected to all the foregoing testimony
offered by claimant, but their objections were over-ruled by
the Court.

Claimant then introduced a deed to said lot, made by Rice
to him, and bearing date January 4th, 1848.

The evidence having closed, the Court was requested by
plaintiffs in *fi. fa.* to charge the Jury, that if claimant claimed
title under Rice, his possession was not adverse to Rice, and
the Statute of Limitations did not run in his favor previous
to his purchase or deed from Rice, and that the possession of
claimant in the fall of 1846, was no bar to the plaintiffs—
which request the Court refused to give; but on the contrary,

charged the Jury, that if they believed claimant went into possession in the fall of 1846, it was a bar to plaintiffs' *fi. fa.* under his established deed.

- The Jury found the property not subject, and plaintiffs except and assign as error the admittance, by the Court, of the testimony of Bohannon, of Folton K. Lewis and of claimant; also, that the Court erred in admitting the established deed in evidence, and in refusing to charge the Jury as requested, and in giving the charge it did.

Thomas H. Dawson, for plaintiffs in error.

——————, for defendant.

*By the Court.*—Benning, J. delivering the opinion.

[1.] The important question in this case is, whether the Court was right in admitting to the Jury, at the instance of the claimant, the judgment establishing the copy deed? That was a judgment to which the claimant was the party on one side, and the representatives of Charles H. Rice the parties on the other.

This judgment was rendered in November, 1850.

The levy was dated the 10th of July, 1854.

It is true, that in general, a judgment can be given in evidence only against the parties to it and their privies. There are, however, some exceptions to this rule. A judgment or decree that is of the muniments of a party's estate, may be given in evidence by or against a stranger. (*Ph. Ev. Cow. & Hill's Notes,* 3 *vol.* 822, 920, 978.)

And *this* is such a judgment.

If this judgment ought to have been excluded on the ground that plaintiffs were no parties to it, why also ought not the plaintiffs' *fi. fa.* to have been excluded, on the ground that the claimant was no party to it.

We have already decided, at this term, that the sayings of

the defendant in *fi. fa.* adverse to his interest, made some time before the levy, are admissible for the claimant and against the plaintiff. (*Smith vs. Cox; Ross & Leitch vs. Horn.*) Does not a judgment against the defendant in *fi. fa.* and in favor of the claimant, stand upon the same footing as such sayings?

It does, certainly, if it is a judgment by confession.

If this judgment was admissible, it, of itself, constituted sufficient evidence to support the verdict. We think it was. It would be a waste of time to consider the other questions in the case, for they are not such as would authorize this Court to grant a new trial, unless they had been made the basis of a motion for a new trial in the Court below.