Craft·vs. Diamond adm'r.

WILLIAM H. CRAFT, plaintiff in error, *vs.* JAMES J. DIAMOND, adm'r, defendant in error.

[1.] In a showing for a continuance, the party's counsel stated, that he, (in consequence of certain conduct of the other party's counsel,) had not had time, to sue out interrogatories to prove a particular point; but he did not state, that there existed any person subject to examination by interrogatories, by whom he could prove the point.

*Held,* That the showing was insufficient.

[2.] A judgment is not evidence against persons who are not parties, or privies to the judgment.

Debt, in DeKalb Superior Court. Tried before Judge BULL, at April Term, 1857.

This was action of debt by William H. Craft, against James J. Diamond, administrator of William H. Graham, deceased, on the following note, viz:

Twelve months after date I promise to pay W. H. Craft or bearer, Eleven hundred and sxity-five dollars, value received. July 8th, 1851.

his

(Signed)          W. H. ⋈ GRAHAM,

mark.

DANIEL ADAMS, Sec'ty.

Defendant pleaded *non est factum,* which he verified by affidavit.

Upon the case being called for trial, plaintiff moved for a continuance, on the ground that he, living out of the county, his attorney had been served with notice of interrogatories, only the week before Court, for certain witnesses proposed to be examined, to impeach the testimony of William H. Smith, the only witness on the part of plaintiff to prove the execution of the note, he being present, and seeing the maker, who was blind, execute it by making his mark. That he had so recently been served with notice of said interroga-

tories, that he had not opportunity or time to sue out others to sustain the witness proposed to be impeached.

It appeared that plaintiff's attorney had been served with the interrogatories about six months previous, and they had remained in his possession until the week before Court, when they were given up for the purpose of inserting the names of other witnesses only, but were afterwards crossed, and service duly acknowledged.

The Court refused the motion to continue, and counsel for plaintiff excepted.

After defendant closed his testimony, plaintiff in reply, offered in evidence, a verdict and judgment obtained in the case of the same plaintiff, against Daniel Adams, the security on the same note, which the Court rejected, and plaintiff's counsel excepted.

THOS. W. J. HILL, for plaintiff in error.

OVERBY & BLECKKEY, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the showing for a continuance sufficient?
We think not.

It does not say, that there *were* any persons by whom the witness could be supported. If there were not any, a continuance would have been useless.

[1.] True, the showing says, that the plaintiff had not, (by reason of certain conduct of the defendant,) time to sue out interrogatories to support his witness; but it will not do to hold, that this is equivalent to a statement, that there existed persons subject to examination by interrogatories, who would support the witness, and that the plaintiff had not had time to take out interrogatories for those persons.

Was the record of the judgment, properly excluded from the jury?
We think so.

[2.] The defendant was neither a party nor a privy to that judgment. And the rule is general, that a judgment is evidence against none except parties and privies.

We see no error in this case.

Judgment affirmed.