## Edward Erwin v. Jared S. Lapham.

*Subscription: Nominal payee: Payment: Discharge.* Where the nominal payee to whom a subscription is payable, is bound absolutely to pay it over to a third person, a payment by the subscriber directly to such third person is valid, and will discharge him from further liability.

*Heard and decided May 16.*

Error to Wayne Circuit.

Erwin brought suit to recover back money paid by him to Lapham on a subscription, of which the following is a copy:

"For and in consideration of the benefits to be received and enjoyed by us, severally, by the construction and operating of a railroad, substantially on the line of the present Holly, Wayne & Monroe railway, as now surveyed and established, and in consideration of the agreement of the Flint & Pere Marquette railway company to complete the said road as early as January, 1872, and to operate the same, and for other good and valuable considerations, the persons signing this instrument severally promise and agree to pay to William Yerkes, Austin N. Kimmis, John Bassett, the sums set opposite our names, respectively, such payments to be made on demand whenever the said railway shall have the iron track laid down through the township of Novi, and in case such payment is not made when due, as aforesaid, interest at the rate of ten per cent. per annum shall be paid by the person so in default, until payment be made. The money so to be paid shall be used for the purpose of paying the said Flint & Pere Marquette railway company in accordance with the conditions of their agreement above referred to. Dated Novi, September 1st, 1870."

Bassett and Kimmis claiming that such payment was without authority and did not discharge Erwin from liability upon this subscription, and insisting upon payment to them, he brought this suit to test the question.

The defendant showed that he had received the money collected of plaintiff, as treasurer of the Holly, Wayne & Monroe company, and had paid it over to the Flint & Pere Marquette company. ` The judgment below was in his favor, and the plaintiff brought error.

*Wilkinson & Post* and *Ashley Pond*, for plaintiff in error.

*C. I. Walker*, for defendant in error.

CAMPBELL, J.

We think that when plaintiff paid over his subscription to defendant, and defendant paid it to the company for whose benefit and to whom it was expressly designed to be paid by the subscription, it was a good payment, and would exonerate him from any liability to the nominal payees in the subscription paper. They were to be mere stakeholders, and could not complain that the money · did not pass through their hands, since it went where they were bound to pay it.

The judgment below was correct and should be affirmed, with costs.

The other Justices concurred.