## W. M. & R. J. LOWRY vs. McLAIN et al.

1. Where a steam engine was sold by the agent of a firm, and negotiable promissory notes were given, in which the printed form used was altered, so as to make such notes payable to the agent instead of to the firm, but in a printed addition to the notes it was provided that the title to the engine should remain in the firm until payment was made, if subsequently the name of the firm was stricken in this printed addition and that of the agent was substituted, and the notes were negotiated before due to an innocent purchaser without notice, it was error to charge that the alteration was a material one, and if made for the purpose of defrauding the defendants, and made after the notes were signed and without the defendants' consent, the jury should find for them.

2. Title retained by an agent, as agent, remains in the principal, whether the notes given for the price be payable to the one or the other.

3. The evidence fails to show satisfactorily that, if the alteration was material, it was made to defraud the defendants; and the court should have charged that, if it was made not with intent to defraud, and if the evidence showed what the contract originally was, and if it appeared that it still was capable of execution, it should be enforced.

October 13, 1885.

Promissory Notes. Contracts. Principal and Agent. Title. Fraud. Before Judge BROWN. Cobb Superior Court. November Adjourned Term, 1884.

Reported in the decision.

W. P. McCLATCHY, for plaintiffs in error.

W. J. WINN; J. J. NORTHCUTT, for defendants.

BLANDFORD, Justice.

The plaintiffs brought their action against the defendants upon two promissory notes for two hundred and twenty-five dollars each, dated May 20, 1882, one due the first of November thereafter, the other due at a subsequent time. The notes were printed, and the name of C. & G. Cooper & Co. was therein as payees. These names were stricken out, and the name of J. J. White inserted as payee, and the parties all admit that this was done before the making and delivery of the notes. There was an addition to the notes printed, in which it was stipulated that the consideration of the notes was a five-horse engine, which was sold by the payee to the maker, and that the title to the engine is and does remain in C. & G. Cooper & Co. until the note is paid. The printed name of C. & G. Cooper & Co. was stricken, and the name of J. J. White inserted in this stipulation. These notes were negotiable and were transferred by White by indorsements, before due, for value, to the plaintiffs, who were insolvent holders without notice. The defendants pleaded that the notes had been altered by striking the name of C. & G. Cooper & Co. and inserting the name of J. J. White in the addition so as to put the title of the engine in White instead of C. & G. Cooper & Co. It was admitted that White sold the engine to defendants as the agent of C. & G. Cooper & Co., and that he was at the time their agent.

The court charged the jury that the alteration, if any, is a material one, and if the jury should believe from the evidence that the change was made in the notes for the purpose of defrauding the defendants, and made after they were signed, and without their consent, then the jury should find for the defendants.

A motion was made for a new trial, alleging as error the foregoing charge of the court, among other grounds, which motion was overruled, and the plaintiffs excepted, and the case is brought here for review.

1, 2, 3. Whether the alteration is material or not must be determined from the evidence in the case. The evidence shows that the defendants purchased the engine, which is the consideration of the notes sued on, from White, as agent of C. & G. Cooper & Co.; that the engine belonged to the Coopers; that the notes were made payable to White, and that the alteration, if any, vested the title in White until the notes were paid; that the plaintiffs purchased those notes for value, without notice of any failure ot consideration, long before they were due. How, under this state of facts, was this alteration material? The court should have looked to all the evidence in determining the materiality of the alteration, if it did not affect the defendants in any manner whatever. Their obligation was to pay these notes to the plaintiffs, who were innocent holders before due, and the alteration merely put the title in White, who might regain the possession of the engine if the notes were not paid; and the title to the engine remained in C. & G. Cooper & Co., nothwithstanding the alteration; and White had sold the engine to defendants, as the agent of the Coopers, and they knew this at and before the sale; they had made these notes payable to White, and they were negotiable by the endorsement of White, as they were payable to his order, whether altered or not; and the right of the plaintiffs to recover was the same in either event. This court held, in case of *Jowers vs. Blandy*, 58 *Ga.*, 379, "Title retained by an agent, as agent, remains in the principal, whether the notes given for the price be payable to the one or the other." This principle is too plain to require demonstration. When these defendants pay the plaintiffs, then they can look to the Coopers for any failure of consideration; they are as much bound to defendants as if the notes had not been altered. The defendants' rights are the same in this case as if no alteration had taken place. How, then, can it be said that this was a material alteration?

We are all satisfied that the evidence fails to show sat

isfactorily that, if the alteration be material, it was done with intent to defraud the defendants. And we think that the court should have instructed the jury that if the alteration was made, not with intent to defraud, and if the evidence showed what the contract was originally, and if it appeared to the court that it was still capable of execution, then it should be enforced. Such is the plain provisions of the Code as contained in section 2852.

This is quite a close case under the facts, and we think that justice requires that a new trial be granted, and the same is awarded.

Judgment reversed.