COKER & COMPANY *v.* McCONNELL, sheriff, for use.

Where a sheriff, under an execution against administrators, sold realty belonging to the estate of their intestate for more than enough to satisfy the execution, and, with the acquiescence and consent of one of the administrators, permitted the purchaser at the sale to account for the excess by crediting the amount thereof upon a debt due to him by such administrator individually, the sheriff could not thereafter recover this amount in an action at law brought by him against the purchaser for the use of the administrators. LITTLE, J., dissenting.

Argued February 23, — Decided July 18, 1898.

Complaint. Before Judge Harris. City court of Floyd county. March term, 1897.

*M. B. Eubanks,* for plaintiffs in error.
*Fouche & Fouche,* contra.

LUMPKIN, P. J. The sheriff of Floyd county, under a mortgage execution in favor of P. H. Hardin, against J. S. Howell as administrator, and Catherine H. Howell as administratrix, of the estate of W. C. Howell, sold certain land to W. H. Coker & Co., at the price of $600.00, which sum exceeded the amount due upon the execution. The administrator and administratrix upon the estate of W. C. Howell brought an action against Coker & Co., to recover a balance alleged to be due by the latter upon the purchase of this land. By an amendment to the plaintiffs' petition, the name of the sheriff was inserted as suing for their use. The defendants, without raising any question as to the right of the original plaintiffs to bring the action, or objecting to the introduction of the sheriff as the party plaintiff, set up as a defense that the balance due upon the price of the land had been settled with J. S. Howell as administrator, he having received from the defendants $90.00 in cash, and they, at his request, having entered a credit of $110.24 upon notes due by J. S. Howell individually and by his brother, W. S. Howell, to the defendants. The answer further alleged that the two Howells last mentioned were heirs of W. C. Howell deceased, each being entitled to one fifth of his estate; and that the settlement referred to was acquiesced in by the sheriff, who, in pursuance thereof, conveyed the land to the defendants. By

an amendment to their answer, the defendants, in substance, alleged that they had paid to the sheriff a sufficient amount to satisfy the Hardin fi. fa., and, with his consent and that of J. S. Howell as administrator, had reserved a specified amount with which to satisfy a fi. fa. in the sheriff's hands in favor of McHenry, Nunnally & Neel, against the estate of Howell deceased, leaving $200.24 as a balance due by them, $90.00 of which they had paid to J. S. Howell in cash, and that the remaining $110.24 had been settled by them in the manner stated in their original answer. The amended answer further alleged that all of the foregoing had been done with the knowledge and consent of the sheriff, and that he permitted J. S. Howell to make the settlement and acquiesced therein. Upon these allegations the plaintiffs requested the court to direct a verdict in their favor for $110.24. The court inquired of defendants' counsel if he intended to prove that the estate of W. C. Howell owed no debts. Counsel replied, that the suit not having been brought by a creditor, and the plaintiffs not alleging the existence of any debts, "he did not deem the existence or non-existence of debts as material to the defense." Thereupon the court, without hearing any evidence, directed a verdict in the plaintiffs' favor for the sum last mentioned, and this is now complained of as error.

We will remark in the first place, that the representatives of the estate of W. C. Howell could not, as against a proper defense, have maintained this action as originally brought. There was no privity between them and the purchasers at the sheriff's sale. Though this administrator and administratrix were entitled to the balance of the purchase-money of the land, in excess of the amount required to satisfy the liens thereon, it was the duty of the sheriff to collect and pay the money over to them. As he was, without objection, made the party plaintiff in the present case, it should be treated as if he had brought it in the first instance. That the administrator and administratrix were the original plaintiffs is of no consequence. They could not, as above stated, have maintained the action in their own right, and therefore they figure in the case as mere usees. That they are such can not give to the sheriff, the real plain-

tiff, any better footing than he would occupy were he suing alone.   This being an action at law, he must show in his own behalf a legal right to have a verdict, or else be cast in the suit. He undoubtedly had, at the outset, a perfect legal right to recover from Coker & Co. the balance due upon the land; and, after so doing, it would, as already stated, have been his duty to pay the money over to the representatives of the estate of W. C. Howell.   But taking as true the allegations of the answer and amended answer filed by Coker & Co., which we must do for the purpose of testing the correctness of the judgment now under review, we are satisfied that the sheriff's original right of action was lost because of the facts set up and relied upon by the defendants as their defense to the action.   The amount in dispute is a balance of $110.24, for it seems to have been conceded that Coker & Co. could not, in any event, have been held accountable for more.   We do not think they are liable to the sheriff for this balance.   The law holds sheriffs responsible for the proceeds of sales conducted by them, and they are bound to pay over such proceeds to the persons entitled thereto.   To this end, these officers have a clear and undoubted right to demand the cash from all purchasers at these sales.   If a sheriff for any reason chooses not to require a purchaser to pay cash, but accepts something else in settlement of the purchase-money and releases the purchaser, he does so at his own peril, so far as any liability over to him on the part of the purchaser is concerned.   If he fails to collect purchase-money and thus incurs personal liability, he has no right to relieve himself from the consequences of his own breach of duty by proceeding against the purchaser whom he has discharged.   We repeat that the sheriff's case in the present instance derives no additional strength from the fact that the representatives of W. C. Howell are named as usees, and that he must recover, if at all, in his own right.   We are not now called upon to decide whether the sheriff has incurred liability to them or not.   That is a question not made in this case; but if he has, he can not escape it by bringing an action of this sort against Coker & Co., and naming these representatives as usees, any more than he could by bringing the suit without so naming them.

It must not be overlooked that this is a plain action at law. There are no equitable pleadings, and no principles of equity are involved. The beneficiaries of the Howell estate, whether heirs or creditors, are not concerned in this litigation. There is no charge of any fraud or collusion, or of insolvency on the part of any of the persons who participated in the transaction disclosed by the defendants' answer. Of course, all who misappropriate, or participate in the misappropriation of, trust funds are liable to the person or persons ultimately entitled to receive the same. We by no means wish to be understood as holding that the heirs or creditors of W. C. Howell, if it were essential to the preservation of their rights in the premises, could not, by instituting a proper equitable proceeding and supporting the same by sufficient proofs, compel an accounting to themselves by any and all of the persons whose unauthorized acts had caused a misapplication of the assets of the estate. There is not, however, any case of this kind now before the court.

The trial judge erred in directing a verdict for the plaintiff. Conceding the truth of the defendants' allegations, the verdict ought to have been in their favor.

*Judgment reversed. All the Justices concurring, except*

LITTLE, J., dissenting. One who buys land sold under execution by the sheriff is bound to pay for the same. The fund arising from such sale can not be distributed by the sheriff except at his own risk. That officer is bound to bring it into court for distribution. Nor can the purchaser retain in his hands a part of the purchase-money, under an arrangement made with one of the administrators of the defendant in execution to allow such part of the purchase-money to be applied by the purchaser on a debt due to him by one of the administrators individually, without showing that there were no creditors of the intestate who were entitled to prior payment. Funds in the hands of an administrator are not his individual funds; and this is true even if the administrator is an heir at law, and would be entitled to a part of the fund remaining over after payment of the execution under which the land was sold. In this case the plaintiffs in error bought a tract of land for six hundred dollars at sheriff's sale, under an execution against

the estate of Howell. By an agreement with one of the administrators of the estate, the plaintiffs in error appropriated to the payment of an individual debt, due to them by the person who was administrator, a part of the purchase-money; and on a suit brought by the sheriff to recover the amount of the purchase-money, they set up as a defense that this balance had been settled with J. S. Howell as administrator, who was one of the heirs at law of the intestate and entitled to one fifth of his estate, and that the sheriff acquiesced in such settlement. It is sufficient for my purpose to say, that primarily the administrator had no right to appropriate any part of this fund to the payment of his individual debt, and the plaintiffs in error had no legal right to receive it, and they were liable to the sheriff for its payment. If it be true that Howell, the administrator, was entitled to a particular part of the purchase-money, I see no reason why, upon proper proceedings in the court, that part might not be awarded to a creditor of the heir at law. But in order to authorize this to be done, it was necessary to show that there were no creditors of the intestate who were entitled to this fund before the heir at law could receive any part of it. The record in this case is ominously silent as to whether there are any such creditors, and in the argument it was neither asserted nor admitted that there were none. No part of the purchase-money of this land belonged to the heirs at law until the creditors, as well as the expenses of the administration, had been paid. I am therefore of the opinion that a recovery against the purchaser was right and legal, and that the fund should have been brought into court for distribution according to law.