25266. BUTLER *v.* RAGSDALE *et al.*

DECIDED JULY 15, 1936. REHEARING DENIED JULY 23, 1936.

*Hay & Gainey,* for plaintiff.
*Branch & Howard, Titus & Dekle, S. P. Cain, H. H. Merry,* for defendants.

STEPHENS, J. J. N. Butler brought suit in the city court of Thomasville in Thomas County, against four defendants, Winton, Ragsdale, Lawhon, and Weill. The plaintiff alleged that Winton was a citizen of Tennessee, and that the other defendants were residents of Fulton County, Georgia, and did business in Atlanta as commission dealers in horses and mules, under the firm name of Ragsdale-Lawhon-Weill Company, that about January 15, 1934,

the plaintiff entered into an agreement with the Ragsdale firm to buy mules in other States and to ship them to the Ragsdale firm to be sold on commission; that the plaintiff was to purchase the mules in his own name and pay for them with drafts drawn on the Ragsdale firm, and to ship them to the firm for sale on commission; that the plaintiff bought 105 mules from the defendant Winton, and paid for them with five drafts on the Ragsdale firm, and the mules were shipped to the firm; that the firm notified Winton that they would not pay the. drafts, and Winton came to the place of business of the Ragsdale firm. It was further alleged as follows: "On or about January 24, 1934, said Hense Winton and C. N. Ragsdale, J. R. Lawhon, and Gus Weill entered into a conspiracy against plaintiff, and agreed upon and carried out a scheme at the stables of said Ragsdale-Lawhon-Weill Company in Atlanta, Georgia, by which they represented to the public that plaintiff was without any financial responsibility or credit, and that he had no knowledge or judgment in the business of buying and dealing in mules, and that he bought said mules and gave said drafts for same without any authority to do so, and that he was a cheat and swindler and guilty of a crime punishable by law, and by which they defrauded plaintiff out of his property in said mules and of his rights to have said drafts paid. All of said acts and representations by defendants were false and fraudulent, were calculated and. intended to injure and damage plaintiff in his business as a mule buyer and dealer and in his business and financial reputation and character, and did so injure and damage him. The facts with reference to said scheme follow hereafter: that the Ragsdale firm refused to pay the drafts, and conspired with Winton to take said mules and sell them publicly through the facilities of the Ragsdale stables; that the acts of the defendants as alleged were done publicly at the Ragsdale stables in the presence of W. B. Cochran and others, and same constituted slander of plaintiff; that the plaintiff's business of buying, shipping, and selling mules was ruined and destroyed by the act of the defendants, and the plaintiff was damaged in his business and financial reputation and character in the sum of $25,000."

The members of the Ragsdale firm demurred to the petition on the ground that the allegations showed that they were residents of Fulton County, that Winton was a resident of Tennessee, and

therefore the court was without jurisdiction of them; and that the petition did not set forth any cause of action against these defendants or either of them. They also demurred specially on a number of grounds. The plaintiff amended the petition by the following allegations: "Knowing that said representations were false and fraudulent, Hense Winton joined with the other defendants in their wilful and malicious purposes to injure and damage plaintiff, and proceeded to act on said representations and in conjunction with said other defendants. He took possession of said mules, while still holding plaintiff's drafts, and proceeded to sell them with the cooperation of the other defendants. He had the records of said sales and the proceeds thereof handled through the office of Ragsdale-Lawhon-Weill Company; and all charges of that firm on said mules were paid from said proceeds, and the balance was taken by Winton, who continued to hold plaintiff's drafts for collection. . . Said defendants wilfully and maliciously had said drafts protested after Hense Winton had taken said mules for the purpose of further injuring and damaging plaintiff and as part of their scheme to deprive plaintiff of his property and to destroy plaintiff's business and reputation." Ragsdale, Lawhon, and Weill demurred again, insisting on their former demurrer, alleging that the petition as amended did not set forth any cause of action, that it was duplicitous and multifarious, that there was a misjoinder of causes of action and a misjoinder of parties defendant, that it set up new causes of action, etc. In the demurrers filed by Ragsdale, Lawhon, and Weill the question as to the jurisdiction of the court of the defendants is raised only in the ground of the demurrer that it appears from the petition that these defendants resided in Fulton County at the time of the filing of the suit, and that the other defendant, Hense Winton, was a citizen and resident of the State of Tennessee at the time the suit was filed; and that for this reason the court did not have jurisdiction over these defendants. It appears from the record that Hense Winton, the other defendant, who it was alleged was a citizen of Tennessee, and who it appears was personally served with the petition by a deputy sheriff of Thomas County, demurred to the petition both generally and specially; and also on the ground that the court was without jurisdiction of him, because it appeared from the petition that at the time of the filing of the petition and service upon him

he was a resident of Tennessee, and that it nowhere appears in the petition that he was temporarily in Thomas County, Georgia, under conditions upon which legal service in a suit against him could be made. It appears from the record that the court, by consent of the attorneys for Hense Winton, overruled his ground of demurrer thereby adjudicating that it appeared from the petition that, notwithstanding he was a resident of the State of Tennessee, the court had jurisdiction of his person, he being temporarily in Thomas County.

On the hearing of the demurrers filed by Ragsdale, Lawhon, and Weill, the court expressly sustained only the ground of the demurrer which attacked the jurisdiction on the ground that it appeared from the petition that the other defendant, Hense Winton, was a citizen and resident of Tennessee. The court expressly refused to pass on the other grounds of the demurrer. The judge's order was as follows: "That the grounds of demurrer raising the question of the jurisdiction as to the defendants Ragsdale, Lawhon, and Weill are hereby sustained and the case is dismissed as to said defendants. The other grounds of demurrer and the questions raised thereby are not now passed upon." To this judgment the plaintiff excepted, and this constitutes the only matter for decision. The petition is nowhere demurred to as failing to show jurisdiction in the court as to Ragsdale, Lawhon, and Weill, expressly on the ground that it fails to set out a cause of action against Hense Winton as a resident defendant. The demurrer, so far as it raises the question of jurisdiction, raises it on the express ground only that the court had no jurisdiction over the alleged resident defendant, because in fact he was not a resident of the county but was a resident of Tennessee. Assuming that the petition would have been subject to demurrer for want of jurisdiction at the instance of the non-resident defendants Ragsdale, Lawhon, and Weill, if the petition had failed to set out a cause of action against the resident defendant Hense Winton, there was no demurrer on this ground, or, if there was one, the court expressly refrained from passing on it. This is a matter of jurisdiction of the person, and the lack of such jurisdiction can be waived by the non-resident defendants. Since they raised the question of jurisdiction solely on the ground that the alleged resident defendant was a non-resident of Thomas County, under the state of the rec-

ord as it now exists they waived the question of jurisdiction as to their persons on the ground that no cause of action was set out against the alleged resident defendant. Since the jurisdiction is attacked by demurrer solely on the ground that the alleged resident defendant, Hense Winton, was a non-resident of Thomas County, and since it appears that the court had jurisdiction of him by reason of his being in Thomas County and having been served personally in that county, it appears that the court had jurisdiction of the person of all the defendants, irrespective of whether the petition set out a cause of action. The allegations of the petition which have been quoted above are sufficient to give the suit the character of a suit against joint tort-feasors, and therefore there is no obstacle to its being maintained as a joint action. The court having erred in sustaining the demurrer of the non-resident defendants, Ragsdale, Lawhon, and Weill, and in dismissing the action on the special ground urged, the judgment should be reversed, without any inquiry as to whether the petition set out a cause of action against Hense Winton as a non-resident defendant.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*