25835.   HOWELL *v.* LUTTRELL *et al.*

DECIDED MARCH 3, 1937.   REHEARING DENIED APRIL 3, 1937.

*Randall Evans Jr.,* for plaintiff.   *B. J. Stevens,* for defendant.

MACINTYRE, J.   ▮   R. L. Howell filed suit in McDuffie County against Karl Luttrell, a non-resident of the State of Georgia, and T. W. Smith, a resident of Clarke County, Georgia.   Personal service was effected on Luttrell, and a second original was issued and served on Smith in Clarke County.   It was alleged that the defendants moved and stored elsewhere certain personal property belonging to the plaintiff, without his consent, and that the property was destroyed by fire, and was of a certain value. The plaintiff excepts to a statement by the judge that he would dismiss the petition for the reason, that, Smith being a resident of Clarke County and Luttrell a non-resident, the superior court of Clarke County, and not the superior court of McDuffie County, had jurisdiction of the suit.   In order to meet this intended ruling the plaintiff dismissed the action as to Smith, and let it proceed against Luttrell alone.   Exceptions pendente lite were filed, and error is assigned on this action of the court.   This intended ruling of the court would have been error.   See *Butler* v. *Ragsdale,* 53 *Ga. App.* 810 (187 S. E. 185).   It appears, however, that the plaintiff assented to this ruling by an amendment striking the name of Smith as a party defendant.   In *Lavenden* v. *Haseman,* 157 *Ga.* 275 (121 S. E. 646), it was said "By complying with an order to amend when no amendment is necessary, a party waives his right to except, by conceding that amendment was necessary." See *Rome Railroad Co.* v. *Thompson,* 101 *Ga.* 26 (11) (28 S. E. 429) ; *Glover* v. *Savannah, Florida & Western Ry. Co.,* 107 *Ga.* 34 (32 S. E. 876), and cit.; *Crawford* v. *Roney,* 126 *Ga.* 763 (55 S. E. 499) ; *Trust Company of Ga.* v. *Mobley,* 40 *Ga. App.* 468, 478 (150 S. E. 169) ; *Walton* v. *Sikes,* 165 *Ga.* 422, 433 (141 S. E. 188), and cit.

628

■ This is a suit to recover damages from destruction by fire of certain personal property of the plaintiff alleged to have been removed by the defendant, without the consent of the plaintiff, from a certain building in Thomson to another building. If the defendant removed the property from the building where it was left, and where the plaintiff had a right to leave it, without authority from him, and at the defendant's own risk, he thereby became liable for any injury done to it while it was in his custody at the place where it was officiously removed by him without the owner's consent previously obtained. "He is liable for damages resulting from such an act, whether he exercised care in the removal of the furniture or not." *Tanner* v. *Chapman*, 75 *Ga.* 871. The plaintiff's petition was brought upon this theory. His testimony sustained the allegations of his petition in this connection; and had the jury seen fit so to believe, they would have been authorized to return a verdict in favor of the plaintiff for the value of the property. However, the defendant testified that he was employed by the United States government in its FERA office, and that this office was situated in a building belonging to the plaintiff and furnished by him to the government. He further testified: "I told Mr. Howell [the plaintiff] that we were badly in need of the rest of this building, and he agreed to letting us have it. I made no statement as to being responsible for that equipment. The Fair Association building was suggested, because it seemed a convenient place [to move the property in question]. It was close to our office, and we had a project going on over there at the time. Mr. Howell had no place for us to put it." The defendant further testified that he asked permission of the plaintiff to remove the property involved to the Fair Association building, with the consent and permission of the Fair Association, in order that they might utilize the space taken up by this property; that the plaintiff consented to the moving of the property to the Fair Association building if the consent of the Fair Association was obtained; and that the property was moved in pursuance of the plaintiff's permission. If we accept the testimony of the defendant, as the jury has done by their verdict, he was at most a gratuitous bailee of the property only for the purpose of removing it to a building belonging to the Fair Association. There is no evidence which tends in any degree to show

that it was the intention of the plaintiff or of the defendant that the defendant should have any independent and exclusive possession or control of the property after it was delivered into the Fair Association building. Our Code, § 12-101, declares that "A bailment is a delivery of goods or property for the execution of a *special object* [italics ours] . . and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." The defendant's testimony authorized the jury to find that he requested permission to remove the property to the Fair Association building with the consent of the Fair Association, that he was given this permission by the plaintiff, and executed his promise by actually storing the property in the building for the plaintiff; that after delivery of the property by the defendant to the Fair Association, the special contract of bailment between the plaintiff and the defendant became executed and was at an end; and that the relationship of bailor and bailee did not exist between the plaintiff and the defendant after that time. The verdict was supported by the evidence.

█ The assignment of error on the admission of evidence is without merit. Taken in connection with the facts about which the witness was testifying, it was properly admitted. The charge complained of was a proper statement of the law. If fuller instructions had been desired, they should have been requested. The court did not err in overruling the motion for new trial.

On consideration of the motion for rehearing, the opinion as originally delivered, affirming the judgment overruling the motion for a new trial, has been reshaped in part. The motion for rehearing is overruled.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*