### 27802. KLOTZ v. RAYMOND.

SUTTON, J. 1. Where to the petition in the present case general and special demurrers were filed, and on the hearing the general demurrer was withdrawn without prejudice, and the court passed an order the legal effect of which was not to dismiss the petition in præsenti, but providing, in response to the special demurrers, that the case would "stand dismissed" if the petition was not amended within twenty days, such order was not a final judgment, but was conditional, with jurisdiction of the case retained by the court; and upon the filing of an amendment within the

time specified, although it was imperfect because it failed to comply with the order as to remedying the defects pointed out by the special demurrers, the merits of the case were opened for fresh adjudication; and it was within the power of the court, thus retaining jurisdiction of the case, to entertain and allow a proper amendment to the petition, offered before an actual dismissal of the case. Accordingly, the court did not err, after the filing of the imperfect amendment within the time specified, and the filing, after such time, of an amendment which, as we hold, cured the defects of the petition as pointed out by the special demurrers, in overruling the defendant's motions, filed before the final amendment, to strike the case from the docket and to dismiss the action on the ground that the original order as to perfecting the petition had not been complied with in the time specified. *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49) ; *Zipperer* v. *Helmnly*, 148 *Ga.* 480 (97 S. E. 74). See also, as to the allowance of an imperfect amendment opening up the case for a fresh adjudication, *Trust Company of Georgia* v. *Mobley*, 40 *Ga. App.* 468, 473 (150 S. E. 169) ; *Georgia Power Co.* v. *Richards*, 42 *Ga. App.* 741, 742 (157 S. E. 241).

2. The amendment referred to above, filed after the time specified in the court's order as to remedying the defects of the petition, was properly allowable in the exercise of the court's jurisdiction, which was continued by the filing of an amendment, though imperfect, within the time specified in the court's order, and allowed by the court subject to objection, and such final amendment so perfected the petition that a cause of action was set out in the petition as amended. The court did not err in overruling all of the grounds of the demurrer to the petition as amended, and the motion to dismiss.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED OCTOBER 25, 1939. REHEARING DENIED NOVEMBER 13, 1939.

34

*Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*Helen Douglas Mankin,* contra.